IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KELLY HALL, et al.,                    §
                                       §
                    Plaintiffs,        §
                                       §   Civil Action No. 3:14-CV-0665-D
VS.                                    §
                                       §
PHENIX INVESTIGATIONS, INC., et al.,   §
                                       §
                    Defendants.        §

MEMORANDUM OPINION
_____AND ORDER_____

    In the court's prior memorandum opinion and order in this case, it concluded that

plaintiffs had failed to state plausible federal-law claims against defendants on which relief

could be granted, dismissed those claims pursuant to Fed. R. Civ. P. 12(b)(6), declined to

reach plaintiffs' state-law claims, and granted plaintiffs leave to replead.  *See Hall v. Phenix*

*Investigations, Inc.*, 2014 WL 5697856, at *7-10 (N.D. Tex. Nov. 5, 2014) (Fitzwater, C.J.)

("*Hall I*").  Plaintiffs have filed a second amended complaint, and the defendants who remain

and have been served[1] move anew to dismiss.  Concluding that plaintiffs have not cured the

defects in pleading their federal-law claims, the court dismisses these claims with prejudice,

dismisses plaintiffs' state-law claims without prejudice by Rule 54(b) judgment as to the

defendants who have appeared in the case, and directs that plaintiffs demonstrate good cause

_____

    [1]Carroll Family Investments, Ltd. was originally a defendant and joined one of the
motions to dismiss that the court addressed in *Hall I*.  It has been dropped as a party in
plaintiffs' second amended complaint and is not a moving party.  Two other
defendants—Jared Zenth and Carl Mason—do not appear to have been served.  *See infra*
§ V.

for failing to serve two defendants.

I

Because the background facts and procedural history are set out in *Hall I*, *see id.* at *1, the court will focus on what is pertinent to the present decision.[2]

Plaintiffs Kelly Hall ("Hall") and John Crowder, Jr. ("Crowder") sue defendant Phenix Investigations, Inc. ("Phenix") and defendants Wood, Thacker & Weatherly, P.C. ("Wood, Thacker"), and Samuel B. Burke, R. William Wood, C. Jane Thacker (the latter four defendants referred to collectively as "WTW").  Plaintiffs also sue Jared Zentz ("Zentz")[3] and Carl Mason ("Mason"), but these two defendants do not appear to have been served.  In addition to state-law claims (which the court does not reach), Hall and Crowder sue under federal law to recover for willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[4]

---

[2]In deciding defendants' Rule 12(b)(6) motions, the court construes plaintiffs' second amended complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in plaintiffs' favor.  *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[3]In *Hall I* this defendant's surname was spelled "Zenth."  *Hall I*, 2014 WL 5697856, at *1.  In the second amended complaint, plaintiffs have corrected the spelling of his surname to read "Zentz."  *E.g.*, 2d Am. Compl. ¶ 11.

[4]In their first amended complaint, plaintiffs asserted a claim under the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.*  In *Hall I* the court dismissed this claim on

The instant lawsuit arises from two prior suits.  Plaintiffs allege that Christopher S. Carroll No. 1, Ltd. ("CSC1") obtained a judgment against TWI, Inc. and TWI XVIII, Inc. in Texas state court.  Carroll Family Investments, Ltd. ("Carroll") then filed suit in Texas state court against TWI, Inc., TWI XVIII, Inc., Hall, and Crowder, among others (the "Transfer Lawsuit"), alleging that Hall and Crowder had received fraudulent transfers from TWI, Inc., and TWI XVIII, Inc., and that Hall and Crowder were attempting to hinder Carroll's efforts to enforce CSC1's judgment.  During the Transfer Lawsuit, Carroll (represented by Wood, Thacker) moved to compel the production of Hall's and Crowder's financial records, and the state court ordered them to produce the records.

Hall and Crowder allege that, after they produced their financial records in the Transfer Lawsuit, unidentified individuals placed telephone calls to two banks at which Hall and Crowder maintain accounts, and impersonated them in order to obtain their private financial information.  Hall and Crowder also assert that Carroll and WTW hired Phenix to investigate their financial holdings; that Phenix made these calls on behalf of Carroll and WTW; and that, shortly after the fraudulent telephone calls occurred, Phenix produced three investigative reports (the "Reports") detailing its findings.

Based on the alleged participation of Carroll, WTW, and Phenix in a scheme to fraudulently obtain and improperly use plaintiffs' financial records, Hall and Crowder bring

---

the ground that GLBA does not provide a private right of action.  *Hall I*, 2014 WL 5697856, at *9-10.  Although plaintiffs assert in their second amended complaint that defendants violated GLBA, *see* 2d Am. Compl. ¶ 83, they neither allege a separate claim under GLBA nor contest the contention that they are no longer asserting a GLBA claim.

this lawsuit alleging that defendants violated FCRA and FDCPA.  In *Hall I* the court held that plaintiffs had not stated claims under FCRA or FDCPA on which relief could be granted, and it dismissed these claims with leave to replead.  Plaintiffs have filed a second amended complaint.  In separate motions, Phenix and WTW move anew to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.  Hall and Crowder oppose the motions.[5]

## II

The court turns first to defendants' motions to dismiss plaintiffs' FCRA claims.[6] Although defendants rely on several grounds, the court need only address whether in plaintiffs' second amended complaint they have plausibly pleaded that the Reports are "consumer reports" under FCRA.[7]

---

[5]Plaintiffs oppose Phenix's motion, and contend that it should be denied, for the sole reason that Phenix's brief numbers 28 countable pages, when the local civil rules limit this type of brief to 25 countable pages.  The court declines to deny Phenix's motion on this basis. Although the court does not approve of violating the local rules, Phenix's brief, without the signature block and certificate of service, numbers about 26½ countable pages.  Additionally, its side margins are somewhat wider than normal, and its footnotes use the same font as is used in the body of the brief.  Phenix has therefore included far less in its 28-page brief than the court periodically sees crammed into 25 pages in briefs filed in other cases.

[6]The standard that the court follows in deciding defendants' Rule 12(b)(6) motions is set out in *Hall I*, 2014 WL 5697856, at *6.

[7]Phenix requests that the court take judicial notice of pleadings and orders issued in the Transfer Lawsuit.  Plaintiffs object to Phenix's evidence appendix.  Because the court is not relying on any documents contained in Phenix's appendix, Phenix's request that the court take judicial notice, and plaintiffs' objections to Phenix's appendix, are denied as moot.

- 4 -

A

In *Hall I* the court explained that, to state a claim under § 1681b or § 1681d, plaintiffs were required to allege that defendants had created, used, or obtained a "consumer report," as that term is defined by FCRA. *Hall I*, 2014 WL 5697856, at *7. The court quoted the FCRA definition of "consumer report":

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

*Id.* (quoting 15 U.S.C. § 1681a(d)(1)). The court noted that § 1681b includes such purposes as employment purposes, underwriting insurance involving the consumer, using the information to determine a consumer's eligibility for a license, etc., and that a report containing credit information about an individual is treated as a "consumer report" only when it is collected for one of the purposes described in § 1681a(d). *Id.* The court held that Hall and Crowder had alleged that defendants either created or commissioned the creation of the Reports for "litigation support purposes"; that this was not one of the purposes outlined in § 1681a(d) or § 1681b; and that plaintiffs had not alleged that the Reports were created for any of the purposes outlined in § 1681a or § 1681b. The court thus dismissed plaintiffs' claims under FCRA, concluding that they failed as a matter of law. *Id.*

- 5 -

B

In response to *Hall I*, Hall and Crowder have repleaded.  The dispositive question presented by defendants' motions to dismiss is whether plaintiffs' second amended complaint plausibly pleads that the Reports are "consumer reports" under FCRA, that is, whether the Reports were created for any of the purposes in § 1681a or § 1681b.[8]

Plaintiffs attempt to remedy the pleading deficiency identified in *Hall I* by relying on an inference drawn from two factual predicates.  They first allege that Phenix advertises on its website that it provides "litigation support" services, and that the website specifies what services are part of "litigation support"; they next allege that the Reports state that their purpose is "litigation support"; and on these two factual premises they argue that it can be inferred that, when as part of "litigation support" Phenix prepared the Reports, it was collecting information that was used or expected to be used or collected in whole or in part for the purpose of establishing a consumer's eligibility for review or collection of an account, and/or one or more purposes under 15 U.S.C. § 1681b.  *See, e.g.*, 2d Am. Compl. ¶ 40; *see also id.* ¶ 41 ("Therefore, because the Consumer Reports state that they were prepared for Litigation Support purposes, and Phenix defines litigation support to include debt collection and other activities that bears upon Plaintiffs' eligibility for review or collection of any

---

[8]Phenix and WTW both make this argument in support of their motions to dismiss. *See* Phenix 2/10/15 Br. 7-11; WTW 1/16/15 Br. 10.  In plaintiffs' response to WTW's motion, they appear to contend that WTW relies on two grounds, neither of which is this one. *See* Ps. 2/6/15 Br. 5.  The court disagrees with plaintiffs' characterization of WTW's contentions and concludes that WTW has made this argument.

account, among other reasons, the Consumer Reports are consumer reports under the FCRA.").

The fallacy with plaintiffs' syllogistic argument is that they are relying on conclusory assertions in an attempt to plead a plausible claim.  But conclusory statements are insufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions.").  Plaintiffs cannot rely on what is, in effect, a conclusory allegation that because "litigation support" services *can* include consumer reports, as defined under FCRA, it is reasonable to infer that the Reports that Phenix provided *are* consumer reports.  The scope of what are included in "litigation support" services is simply too broad to permit this inference reasonably to be drawn.  This is especially true because the second amended complaint specifically alleges that Phenix prepared the Reports for ongoing litigation, thereby undermining the contention that it is reasonable to infer that the Reports were prepared for a purpose that qualifies them as "consumer reports" under FCRA.  Phenix is correct when it argues that "[n]owhere do Plaintiffs allege that the [R]eports' purpose was any of the purposes itemized in [FCRA], and they were not."  Phenix 2/10/15 Br. 10.

The court therefore dismisses plaintiffs' FCRA claims against defendants under Rule 12(b)(6).

III

Defendants also move to dismiss plaintiffs' FDCPA claim. Although they rely on several grounds, the court need only consider whether plaintiffs have plausibly pleaded that the debt being collected is a "consumer debt."

A

In *Hall I* the court dismissed plaintiffs' FDCPA claim because plaintiffs had failed to allege the existence of a consumer debt. *Hall I*, 2014 WL 5697856, at *9. The court explained that

> [t]o prevail on [their] FDCPA claim, [plaintiffs] must prove the following: (1) [they have] been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Id.* at *8 (quoting *Hunsinger v. SKO Brenner Am., Inc.*, 2014 WL 1462443, at *3 (N.D. Tex. Apr. 15, 2014) (Fitzwater, C.J.) (alterations omitted)). "FDCPA defines 'debt' or 'consumer debt' as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]'" *Id.* at *9 (quoting 15 U.S.C. § 1692a(5)). "'FCRA does not apply to reports used in a consumer's business transactions, even those involving the consumer's personal credit information.'" *Id.* (quoting *Matise v. Trans Union Corp.*, 1998 WL 872511, at *2 (N.D. Tex. Nov. 30, 1998) (Fitzwater, J.)). "Therefore, to state a claim under FDCPA, plaintiffs must allege that the debt at issue arose out of a transaction primarily for personal, family, or household purposes." *Id.* The

- 8 -

court held that plaintiffs had not pleaded a plausible FDCPA claim because they had alleged that WTW and Carroll violated FDCPA by falsely representing the character, amount, or legal status of any alleged debts to secure a state-court temporary injunction precluding the free transfer of plaintiffs' personal funds, and they had averred that Phenix violated FDCPA by making false representations or using deceptive means to collect or attempt to collect any debt (namely, that Phenix impersonated plaintiffs in making telephone calls to obtain account information from plaintiffs' financial institutions). The alleged debt therefore arose from the lawsuit filed by CSC1 against TWI, Inc. and TWI XVIII, Inc. The court explained that, although the first amended complaint was not clear, plaintiffs appeared to allege that the first state-court lawsuit dealt with some kind of business-related sale of assets. The first amended complaint did not allege that the debt at issue arose from transactions related primarily to personal, family, or household purposes, and the only reasonable inference that the court could draw was that the debt at issue was not primarily for personal, family, or household purposes.

B

Phenix and WTW move to dismiss, contending, in pertinent part, that plaintiffs have failed to plead that the debt being collected is a "consumer debt." Plaintiffs respond that the question whether the debt is a "consumer debt" turns on a disputed issue of fact that cannot be resolved on defendants' motion. Stated summarily, plaintiffs maintain that, although the judgments in question are commercial and the alleged indebtedness that the creditors are attempting to collect is actually non-existent, the collection efforts relate to plaintiffs'

personal investments in the entities involved in the judgment lawsuit or in affiliated entities, and there are fact issues regarding whether the debt is personal or commercial in nature.

The court disagrees that there is a fact question regarding whether plaintiffs are basing their FDCPA claim on the collection of a consumer debt.  It holds that plaintiffs have failed to make a plausible claim that the debt being collected arose out of a transaction that was primarily for personal, family, or household purposes.  The second amended complaint only permits the court to draw the reasonable inference that the debt that is being collected is commercial in nature.  And this is true regardless whether plaintiffs allegedly owe the debt personally.  All the transactions in question are commercial.

Accordingly, plaintiffs' FDCPA claim is dismissed with prejudice.

IV

Plaintiffs also assert pendent state-law claims.  For the reasons explained in *Hall I*, having dismissed plaintiffs' federal-law claims, the court in its discretion declines to exercise supplemental jurisdiction over their state-law claims, and it dismisses these claims without prejudice as to Phenix and WTW.

V

It does not appear that defendants Zentz and Mason have been served.  Accordingly, pursuant to Rule 4(m) and 6(b), the court directs that, within 21 days of the date this memorandum opinion and order is filed, plaintiffs demonstrate good cause for failing to effect service on Zentz and Mason.  If they fail to do so, the court will dismiss this action against them without prejudice.

\* \* \*

For the reasons explained, defendants' Rule 12(b)(6) motions are granted as to plaintiffs' federal-law claims, and these claims are dismissed with prejudice by Rule 54(b) final judgment filed today.  The court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims, and these claims are dismissed without prejudice.  Pursuant to Rules 4(m) and 6(b), the court orders that plaintiffs demonstrate good cause for failing to effect service on defendants Zentz and Mason.

**SO ORDERED**.

May 5, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE